424

**BOWLES, Price Administrator, v. GUILLIAMS.**

Civil Action No. 223.

District Court, D. Virginia, at Roanoke.
July 13, 1945.

Morris L. Masinter, Dist. Enforcement Atty., and Arthur E. Smith, Enforcement Atty. Fuel and Consumer Durables, Roanoke District Office, both of Office of Price Administration, both of Roanoke, Va., for plaintiff.

T. Warren Messick, of Roanoke, Va., for defendant.

BARKSDALE, District Judge.

This action was instituted by the Administrator against the defendant, a dealer in used cars, at Roanoke, the complaint alleging that the defendant had violated the provisions of Maximum Price Regulation 540, promulgated by the Office of Price Administration, June 10, 1944, as amended, in several instances set out in the complaint, and praying for an injunction and damages as provided in U.S.C.A.Title 50, Appendix, § 925(e). By consent, a permanent injunction order has already been entered enjoining the defendant from further violations of OPA Regulations.

The case now comes before me upon the plaintiff's motion for a judgment in his behalf for damages, the facts having been agreed upon and stipulated by counsel. The sole question presented to me is whether or not the defendant had the right, in his sales of used cars to individuals, to include in his maximum prices the $100, or 25% of the total of the base price, as provided in Article II, Section 5, Subsection (3) of MPR–540. MPR–540 establishes maximum base prices for used cars of every kind and description, and the section just referred to provides that, "If the car is sold as a warranted car (as defined in Section 7) by a dealer to a non-dealer," either $100 or 25% of the total of the base price, may be added to the established base price to determine the dealer's maximum price.

It is agreed that the defendant was a "dealer" in used cars in the ordinary sense of the word, and that he had a working

arrangement with a repair and reconditioning shop, located in the same building with him, but independently owned and operated, and that the defendant complied with the provisions of Article II, Section 7, defining "warranted used cars." However, Article III, Section 15(b), defines the word, "dealer," as used in Regulation MPR–540. The pertinent part of said section 15 is as follows:

"Definitions. When used in this Regulation, the term:

"(a) (Not pertinent).

"(b) 'Dealer' means a person engaged, in whole or in part, in the business of buying, selling, repairing and reconditioning used cars and who maintains a place of business for the display, sale, repairing and reconditioning of such cars. A person who cannot qualify as a dealer because he does not maintain a place for repairing and reconditioning may be approved in writing as a dealer under this regulation by the Office of Price Administration regional office for the region in which his place of business is located, or a district office in that region authorized by such regional office, if he provides adequate evidence to that office that he has established, and is in a financial position to maintain, a working arrangement with a reputable business engaged in the repairing and reconditioning of used cars."

It appears from the agreed statement of facts that the defendant is a person engaged in the business of buying and selling used cars, that he has an arrangement with another for repairing and reconditioning such used cars, and that he maintains a place of business for the display and sale of used cars, but he does not maintain any place of business for repairing and reconditioning such cars, nor has he sought or obtained the approval of the Office of Price Administration of himself as a "dealer" under the Regulation by providing evidence that he has established, and is in a financial position to maintain, a working arrangement with a reputable business engaged in the repairing and reconditioning of used cars.

Defendant contends that he is, in every sense of the word, a "dealer" in used cars, that he has warranted the cars which he sold as provided in this Regulation, that he has a working arrangement with a reputable repair shop, that he has given, and is prepared to give, to his purchasers everything which a dealer is required by MPR–540 to give, that the provision as to obtaining the approval of the O.P.A. of the repair shop which he patronizes is merely procedural, and that therefore he was entitled as a dealer to add the $100.00, or 25%, to the base price in determining his maximum price.

I cannot agree with this contention. This court has no power to pass upon the reasonableness of the Regulation. Yakus v. United States, 321 U.S. 414, 415, 64 S.Ct. 660, 88 L.Ed. 834. The only question before me is the construction of the language used in the Regulation. The word, "dealer," is defined in the Regulation, and it is provided that, when used in this Regulation, the word "dealer" has the meaning given to it by the definition therein contained. This definition is different from the ordinarily accepted meaning of the word "dealer". To be a "dealer," and as such entitled to the benefits provided in the Regulation, a person must be not only a "dealer," as the word is ordinarily accepted: he must also maintain a place of business for the repairing and reconditioning of automobiles. If he does not maintain such a repair and reconditioning place, he can only be considered as a dealer by establishing a working arrangement with a reputable repair and reconditioning shop, and obtaining the approval of such arrangement by the O.P.A. If a person dealing in used cars has no repair shop of his own, he is not a "dealer" as defined in the Regulation unless and until he enters into an arrangement with a repair shop and obtains the approval of such arrangement from the O.P.A.

[2] Conceding that the defendant has done everything except obtain the approval of the O.P.A., I am satisfied that he is not entitled to be considered as a "dealer."

It does not seem to me that the provision requiring such approval is unreasonable or arbitrary. It is the apparent purpose of the Regulation, by granting a

quite substantial increase of maximum prices to dealers who recondition used cars and are in position to keep them in running condition, to favor sales of used cars by such dealers in comparison with the sale of used cars by private individuals. This, of course, is for the purpose of prolonging the useful life of used cars. Where a person dealing in used cars has no facilities himself for their repair and reconditioning, it seems to me quite reasonable that he be required to prove that he has a reasonably well established arrangement for putting the cars which he sells in good operating condition before sale, and complying with his obligation to keep them in running condition under his warranty as provided in Section 7.

I will therefore enter an order granting the plaintiff's motion for a judgment for damages in the amount which has been stipulated.